UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PROTEGRITY CORPORATION,      :
                             :
     Plaintiff,              :
                             :
v.                           :      Case No. 3:13-CV-01484 (RNC)
                             :
AJB SOFTWARE DESIGN, INC.,   :
                             :
     Defendant.              :
                             :

RULING AND ORDER

Plaintiff Protegrity Corporation brings this action against defendant AJB Software Design, Inc. alleging that AJB is infringing two of Protegrity's patents through its manufacture, use and sale of database security systems.  AJB has moved to dismiss Protegrity's claims for induced infringement, contributory infringement and willful infringement (ECF No. 32). For the reasons that follow, the motion is granted.

I. Background

In its two-count complaint, Protegrity alleges that it owns two patents, United States Patent Numbers 8,402,281 (the "'281 patent") and 6,321,201 (the "'201 patent").  The patents relate to database security systems.  ECF No. 1, at 2.  The complaint alleges that AJB's manufacture, use and sale of similar systems infringes the '281 and '201 patents.  Id.  Protegrity's allegations concerning infringement read in relevant part as follows:

1

>       Upon information and belief, Defendant has
>       directly or contributorily infringed or induced the
>       infringement of the claims of [each patent] by having
>       made, used or sold database security systems that duly
>       embody the invention as claimed herein; such
>       infringement was willful and deliberate . . . .

Id. The complaint contains no other information pertinent to the issues of induced, contributory or willful infringement.

AJB concedes that Protegrity's bare bones allegations suffice to state a claim for direct infringement. It argues, however, that the claims for induced, contributory and willful infringement should be dismissed under Federal Rule of Civil Procedure 12(b)(6). I agree.

## II. Discussion

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). Review of a complaint under Rule 12(b)(6) occurs in two steps. First, the court must separate the complaint's well-pleaded factual allegations from its legal conclusions. Well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff. Id. "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements," must be disregarded. Id. Second, the court must determine whether the well-pleaded facts in the complaint support a reasonable inference that the plaintiff is entitled to relief. Id.

A. Induced Infringement

A party who "actively induces" patent infringement is liable as an infringer. 35 U.S.C. § 271(b). To state a claim for induced infringement, the patentee must "plead facts showing, first, that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." Pecorino v. Vutec Corp., 934 F. Supp. 2d 422, 447 (E.D.N.Y. 2012).

Here, Protegrity's claim for induced infringement alleges only this: "Defendant has directly . . . infringed or . . . induced the infringement of the claims of the ['281 and '201 patents] by having made, used or sold database security systems that duly embody the invention as claimed therein." ECF No. 1, at 2. This is insufficient to support a plausible inference that AJB "knowingly induced infringement and possessed specific intent to encourage another's infringement." See Pecorino, 934 F. Supp. 2d at 447. In the absence of facts plausibly showing that AJB "specifically intended [its] customers to infringe the ['281 and '201 patents] and knew that the customers' acts constituted

infringement," Protegrity's claim cannot survive.  <u>In re Bill of Lading Transmission & Processing Sys. Patent Litig.</u>, 681 F.3d 1323, 1339 (Fed. Cir. 2012); <u>Protegrity Corp. v. Paymetric, Inc.</u>, No. 13 Civ. 1549 (VLB), 2014 WL 3849972, at *4 (D. Conn. Aug. 5, 2014) (dismissing an identically phrased claim for induced infringement asserted by Protegrity in a different lawsuit).

Protegrity concedes it has failed to allege facts satisfying each element of a cause of action for induced infringement, contending it has no obligation to do so.  <u>See</u> ECF No. 34, at 3. For this proposition it relies on a handful of out-of-circuit district court opinions.  <u>See id</u>.  Those cases predate the Federal Circuit's decisions in <u>In re Bill of Lading</u> and <u>Superior Indus., LLC v. Thor Global Enters. Ltd.</u>, 700 F.3d 1287 (Fed. Cir. 2012), which establish that, although claims of direct infringement are assessed by reference to Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure, claims of indirect infringement are subject to <u>Twombly</u>-<u>Iqbal</u>.  <u>See In re Bill of Lading</u>, 681 F.3d at 1336, 1339 ("Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement. . . . To survive Appellees' motion to dismiss, therefore, [the patentee's] amended complaints must contain facts plausibly showing that Appellees specifically intended their customers to infringe the '078 patent and knew that the

customers' acts constituted infringement.").  Because
Protegrity's claim for induced infringement fails to pass muster
under the applicable standard, the claim will be dismissed
without prejudice.

B. Contributory Infringement

Contributory infringement occurs when "a party sells or
offers to sell, a material or apparatus for use in practicing a
patented process, and that material or apparatus is material to
practicing the invention, has no substantial non-infringing uses,
and is known by the party to be especially made or especially
adapted for use in an infringement of such patent." Id. at 1337.
Accordingly, a plaintiff states a claim for contributory
infringement by alleging facts plausibly showing: 1) direct
infringement; 2) the alleged infringer's knowledge of the patent;
3) that the alleged infringer sells the component, material or
apparatus or offers it for sale; 4) that the component, material
or apparatus has no substantial noninfringing uses; 5) that the
component, material or apparatus is a material part of the
invention; and 6) that the alleged infringer knew the component,
material, or apparatus to be "especially made or especially
adapted for use in an infringement of such patent." Pecorino,
934 F. Supp. 2d at 448 (internal quotation marks omitted).

Protegrity's claim for contributory infringement fails to
allege facts tending to show that AJB had knowledge of its

patent, the components AJB sells or offers for sale have no substantial noninfringing uses, those components are a material part of the invention, or AJB knew the components to be "especially made or especially adapted for use in an infringement" of Protegrity's patents.  See id. (internal quotation marks omitted).  Indeed, Protegrity has failed to offer even a "threadbare recital[] of the elements of a cause of action" for contributory infringement.  Iqbal, 556 U.S. at 678. Its complaint recites little more than the name of the cause of action.  This falls well short of satisfying Rule 12(b)(6).

In resisting this conclusion, Protegrity raises the same argument it raises in the context of induced infringement: it is not "required to plead each individual element of contributory infringement."  ECF No. 34, at 3.  Here again, Protegrity relies on outdated precedent that does not survive the Federal Circuit's opinions in In re Bill of Lading and Superior Industries.  See Superior Indus., 700 F.3d at 1296 ("Superior does not allege that the accused products are especially made or adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use as required by 35 U.S.C. § 271(c). . . . This court therefore affirms the dismissal of Superior's claims . . . ." (internal quotation marks omitted)).  Accordingly, Protegrity's claim for contributory infringement will be dismissed without prejudice.

C. <u>Willful Infringement</u>

A patentee who demonstrates willful infringement may collect an enhanced damages award.  <u>Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.</u>, 682 F.3d 1003, 1005 (Fed. Cir. 2012), cert. denied, 133 S. Ct. 932.  Though "there is a lack of complete uniformity in recent district court authority addressing willful infringement claims in light of <u>Twombly</u> and <u>Iqbal</u>," most courts have required "a complaint to allege facts that, at a minimum, show direct infringement . . . and show the defendant's actual knowledge of the existence of the patent." <u>Pecorino</u>, 934 F. Supp. 2d at 449 (internal quotation marks omitted).

Because AJB concedes that Protegrity has adequately alleged direct infringement, the question is whether the complaint alleges facts permitting a plausible inference that AJB had actual knowledge of the '281 and '201 patents.  It does not.  The complaint states only that AJB's infringement was "willful and deliberate." ECF No. 1, at 2.  Here, as above, Protegrity has done nothing more than identify a legal label.  Its claim therefore fails. <u>See Paymetric, Inc.</u>, 2014 WL 3849972, at *5 (dismissing an identical claim for willful infringement asserted by Protegrity).

Protegrity suggests that AJB's primary objection to its claim of willful infringement is that the complaint alleges willfully infringing conduct "upon information and belief."  ECF

No. 34, at 6-7.  Alleging facts on information and belief is permissible under Rule 12(b)(6).  What is not permissible is pleading a cause of action without factual support.  That is the basis for AJB's motion.  Because its motion is well-founded, Protegrity's claim for willful infringement will be dismissed without prejudice.

III. <u>Conclusion</u>

Accordingly, the defendant's motion is hereby granted.

So ordered this 2nd day of February, 2015.


                              _____/s/_____
                                    Robert N. Chatigny
                              United States District Judge